■ In the Matter of LAWRENCE PAPE, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [640 NYS2d 12]

The IAS Court correctly held that respondent's rejection of petitioner's MCI application for the apartment in question had a rational basis, namely, petitioner's failure to file it within two years after completion of the improvements, as required by Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (8). Petitioner explains the delay as based upon advice of counsel that with respect to the unit in question, the MCI application should

abide the outcome of a proceeding he then had pending to evict the tenant from the unit (*Pape v Doar*, 160 AD2d 213), lest he prejudice his position therein. The excuse is unavailing since it does not fall within the exception of section 2522.4 (a) (8) for late filings "due to delay, beyond the applicant's control, in obtaining required governmental approvals for which the applicant has applied within such two-year period." Respondent's prior order, in which it refused to order issuance of a renewal lease to the subject tenant during the pendency of the summary proceeding, simply recognized petitioner's right not to offer a renewal lease at that time; it did not, as petitioner contends, authorize him to disregard other provisions of the Code governing his right to an MCI increase.

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.